UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL NO. 3:08CV01176 |
| v. | ) | |
| | ) | JUDGE HAYNES |
| $7,928.00 UNITED STATES CURRENCY | ) | |
| | ) | |
| Defendant property. | ) | |

## DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, United States of America, pursuant to Rule 55(b)(2) of the Federal Rules of Civil

Procedure, has moved for a Default Judgment and Final Order of Forfeiture forfeiting the defendant

property to the United States of America.

On December 9, 2008, a Verified Complaint *In Rem* was filed by the United States of

America against the defendant property alleging that the defendant property constitutes money

furnished or intended to be furnished in exchange of a controlled substance or listed chemical in

violation of 21 U.S.C. § 841; and/or proceeds traceable to such an exchange; and/or money used or

intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1), i.e., to knowingly or

intentionally manufacture, distribute or dispense, or possess with intent to manufacture, distribute

or dispense, a controlled substance and is, therefore forfeitable pursuant to 21 U.S.C. § 881(a)(6).

(D.E. 1)

1

Pursuant to the Summons and Warrant for Arrest *In Rem* issued by the Clerk of this Court on December 9, 2008 (D.E.3-1), the United States Marshal for the Middle District of Tennessee seized defendant property on February 18, 2009. (D.E.6).

On December 10, 2008, attempted service was made to Ronald Caldwell and Maia N. McKee, via certified mail, return receipt, with a copy of the Verified Complaint *In Rem* and Notice of Judicial Forfeiture Proceedings. Also on December 10, 2008, service was made and perfected to Robert Thomas Vaughn, the attorney for Ronald Caldwell and Maia N. McKee, via certified mail, return receipt, with a copy of the Verified Complaint *In Rem* and Notice of Judicial Forfeiture Proceedings. (D.E.4).

Pursuant to the Notice of Judicial Forfeiture Proceedings, all persons claiming an interest in defendant property were required to file their verified claims with the Clerk of this Court within thirty-five (35) days from service of the Verified Complaint *In Rem*, and Notice of Judicial Forfeiture.

More than thirty-five days have passed since Ronald Caldwell, Maia N. McKee and Robert Vaughn, were served notice and they have failed to file a claim or otherwise appear in this action.

Pursuant to the Federal Rules of Civil Procedure, Supplemental Rule G(4)(a)(iii)(B), public notice to all persons of said forfeiture action was also advertised on-line at "www.forfeiture.gov," the official government internet forfeiture site, for 30 consecutive days beginning on December 11, 2008, and ending on January 9, 2009. (D.E. 5).

More than sixty days have passed since the first day of publication of the notice on the official government internet web site and no person or entity has filed a claim or answer, or otherwise made an appearance in this action.

2

The time for filing a claim pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure has expired.

No person or entity has filed a Verified Claim within the time permitted by Title 18, United States Code, Section 983(a)(4)(A), and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

The Clerk of this Court has entered a default as to all persons and entities claiming an interest in defendant property, pursuant to Rule 55(a) Federal Rules of Civil Procedure (D.E. 8).

The United States has now moved for entry of a Default Judgment and this Court is of the opinion that the Motion of the United States for Default Judgment should be granted and Default Judgment be entered as to all persons or entities who may claim to have an interest in the defendant property. Further, the Court finds that the Verified Complaint for Forfeiture establishes probable cause to believe that the defendant property constitutes money furnished or intended to be furnished in exchange of a controlled substance or listed chemical in violation of 21 U.S.C. § 841 and/or proceeds traceable to such an exchange; and/or money used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1), i.e., to knowingly or intentionally manufacture, distribute or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance and is, therefore forfeitable pursuant to 21 U.S.C. § 881(a)(6), and, therefore, a Final Order of Forfeiture should be entered.

The Motion of the United States for Default Judgment and Final Order of Forfeiture is hereby GRANTED. Therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1.      A Judgment by Default is hereby entered as to Ronald Caldwell and Maia McKee, and all persons or entities with respect to any interest they may have in the defendant property.

2.      The defendant property more particularly described as $7,928.00 United States Currency, is hereby forfeited to the United States of America, and all right, title and interest in and to said property is hereby vested in the United States of America, pursuant to 21 U.S.C. § 831(a)(4) and 18 U.S.C. § 983.

3.      The United States Marshals Service, as custodian of said forfeited property, shall dispose of the same according to law.

4.      The Clerk of this Court shall provide the United States Attorney's Office and the United States Marshals Service with a certified copy of this order.

Dated on this, the _7th_ day of _July_, 2009.

WILLIAM J. HAYNES
UNITED STATES DISTRICT JUDGE

4